## A. C. CAMPBELL v. W. H. BRADEN.

ELECTORS; *Disqualification, not Presumed.* In an action in the nature of *quo warranto*, brought by the plaintiff to oust the defendant from the office of sheriff, who possesses and holds such office by virtue of an election, a canvass by the board of county commissioners, a regular certificate of election and qualification by taking the official oath and giving bond, and the plaintiff attempts such ouster for the reason that the defendant was not elected to said office unless the votes cast in a certain city of the second class are counted, and the plaintiff claims that such votes were illegal and should not be counted for the reason that the voters of said

city were not registered as required by law, and none of them made any attempt to be registered, *held*, that it not being shown why the voters of such city failed to register, and it appearing from the governor's proclamation that such city became a city of the second class only a short time prior to the election, and as all presumptions from the foregoing facts should inure to the benefit of the defendant, it will be presumed that the failure of the voters of said city to register was because of a failure on the part of the city to organize as a city of the second class and procure poll books for registration, within proper time before the election for the voters to register.

### *Original Proceedings in Quo Warranto.*

ACTION brought in this court January 17, 1884, by *Campbell* against *Braden*, to determine whether the plaintiff or the defendant is entitled to the office of sheriff of Crawford county. The opinion herein, filed at the session of the court in April, 1884, states the facts.

*A. A. Harris*, for plaintiff.

*Rossington, Johnston & Smith*, and *E. A. Austin*, for defendant.

The opinion of the court was delivered by

VALENTINE, J.: This is an action in the nature of *quo warranto*, brought originally in this court by A. C. Campbell against W. H. Braden, for the purpose of having the question determined which of the two is entitled to the office of sheriff of Crawford county, Kansas.

It appears from the pleadings, (and the case is submitted to us solely upon the pleadings,) that on November 6, 1883, that being the day of the general election, both Campbell and Braden were voted for for said office; both were residents of Crawford county, and both eligible to the office. Campbell received 2,012 votes, of which 1,901 were cast in the county outside of the city of Girard, and 111 were cast in the city of Girard. Braden received 2,092 votes, of which 1,790 were cast outside of the city of Girard, and 302 were cast in the city of Girard. On the Friday next after the election, the board of county commissioners met and canvassed the election

returns, and declared Braden to be elected to said office; and afterward Braden qualified by taking the oath of office and giving bond; and he took possession of the office on January 14, 1884, and is still in the possession thereof. If the votes cast in the city of Girard are to be counted, then Braden was duly elected to the office; but if such votes are not to be counted, then Campbell was elected. The sole question then to be determined is, whether the votes cast in the city of Girard should be counted, or not. The city of Girard is a city of the second class, and has been such, in pursuance of the governor's proclamation, since August 30, 1883; but as to when its organization as such city was fully completed, the pleadings are silent.

The plaintiff claims that all the votes cast in the city of Girard at that election were illegal, for the reason that none of the persons who voted in the city of Girard at that election were registered as voters, as required by law, and none of them had sought or made the attempt to be so registered. Just why the voters of the city of Girard were not registered prior to that election, we are not informed; but probably it was because of a failure of the city to organize as a city of the second class and procure poll books within proper time.

Prior to August 30, 1883, the time when the city of Girard became a city of the second class, it was not necessary under the law that the voters of such city should be registered in order to be entitled to vote, and it became necessary for them to be so registered only after that time. And probably the voters failed to register simply because the city did not organize as a city of the second class for some time after it became such by virtue of the governor's proclamation, and because when it did organize as a city of the second class the mayor and council did not procure the necessary poll books for registration. The statute seems to require that such poll books shall be procured on the first Monday in January of each year, and not afterward. (See § 2 of the Registration Act.) And as the first Monday of January, 1883, had passed a long time before the city of Girard became a city of the

second class, it is possible that the mayor and council did not consider that they had any authority to procure such poll books until the first Monday of January, 1884. And it is possible also that they did not in fact procure poll books until that time; and if they did not, this fact should not disfranchise the voters of the city of Girard. Under such circumstances, they should be allowed to vote without being registered.

Also other reasons than those above suggested may have prevented the registration; and as the pleadings do not show why the voters were not registered, we are at liberty to suppose that it was for any good reason which may reasonably be supposed. Presumptively, the election was valid. Presumptively, the canvass of the board of county commissioners was regular and legal and valid. Presumptively, the certificate of election issued to Braden was regular and valid; and as the defendant, Braden, is now in possession of the office under a regular certificate of election, presumptively he is entitled to the office; and if he is to be ousted therefrom at the instance of the plaintiff, Campbell, it devolves upon Campbell to show affirmatively that Braden is not entitled to the office. If for any reason the voters of the city of Girard might have had a right to cast their votes and have them counted, on November 6, 1883, without being registered, we must presume, under the facts as they are now presented to us, that such reasons existed. We shall therefore presume that as the city of Girard became a city of the second class only a short time prior to the election of November 6, 1883, it did not become fully organized as such city of the second class, and did not procure poll books for registration within time for the voters of such city to be registered prior to such election; and, if not, then we think the voters had a right to cast their votes at such election and have them counted, notwithstanding the fact that they were not registered.

Taking this view of the case, we must hold that the de-

fendant, Braden, is entitled to the office of sheriff of Crawford county.

Judgment will therefore be rendered in his favor.

All the Justices concurring.